IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ARTHUR S. APODACA,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN; LYNN FOSTER; UNIT MANAGER KAMBIC; SERGEANT CHAMBERS; LT. HARMON; and A. BOSCH,<br><br>Defendants. | Cause No. CV 22-26-H-BMM-KLD<br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 15, 2022, Plaintiff Arthur Apodaca moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violation of his civil rights. *See* Notarized Compl. (Doc. 8) at 1–6.

On June 3, 2022, the Court explained that Apodaca had not alleged sufficient facts to support a claim for relief. He was directed to respond to specific points. *See* Order (Doc. 9) at 3–4. Apodaca responded on June 6, 2022 (Doc. 11).

**I. Screening**

Because Apodaca is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on

1

which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## II. Apodaca's Allegations

Apodaca was sent to segregation. Prison policy requires that his property be collected and securely stored immediately. Due to a delay in collecting his property, some of it was lost or destroyed. Apodaca contends that prison staff were deliberately indifferent to the protection of his property. For his relief, he seeks compensatory damages of $750.00. *See* Compl. (Doc. 8) at 3 ¶¶ 9–10, 12; *id*. at 4 ¶ VII(D).

In response to the June 3 Order, Apodaca submitted a list of all of his property with the missing items marked. *See* Resp. to Order (Doc. 11) at 1–39.

## III. Analysis

As the Court explained previously, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).

Apodaca does not state a claim on which relief may be granted. He does not claim that staff confiscated or destroyed his property pursuant to policy. He alleges only that alleges only that his property was lost due to staff's carelessness.

Generally, the Constitution requires that a prison guard in a state prison must provide an inmate with due process before depriving the inmate of his property. *See* U.S. Const. am. XIV § 1. But "the Due Process Clause is simply not implicated by a *negligent* act of an official causing *unintended* loss of or injury to . . . property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (second emphasis added). Apodaca contends the officers were so negligent in failing to secure his property that they might as well have intended that it should be lost or stolen. But even when a prison guard does something unexpected, like taking an inmate's property from him without authorization, "a meaningful post-deprivation remedy for the loss" satisfies the Constitution's guarantee of due process. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Because Montana law provides a remedy, Apodaca's constitutional right to due process is satisfied. *See, e.g.*, Mont. Code Ann. §§ 2-9-101(1), 27-1-320.

Apodaca does not allege facts showing that a policy or rule authorized prison guards to deprive him of his property. He is not entitled to relief in this Court.

Apodaca asked that counsel be appointed to represent him. *See* Mot. (Doc. 4); Order (Doc. 4) at 4–5. As he has not alleged reason to believe the loss of his property was authorized, he does not have a federal claim a lawyer could litigate.

### IV. Conclusion and Certification

Apodaca fails to state a claim on which relief may be granted. He has had an opportunity to amend but did not correct the complaint's deficiencies. His filing of this action should count as one strike against him. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because the facts alleged simply do not add up to a violation of federal law, an appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, the Court RECOMMENDS:

1. Apodaca's complaint should be DISMISSED without further leave to amend for failure to state a claim on which relief may be granted.

2. The docket should reflect that Apodaca's filing of this action counts as one strike under 28 U.S.C. § 1915(g).

3. The District Court should CERTIFY that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Apodaca may object to this Findings and Recommendation within 14 days.

*See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Apodaca must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 22nd day of July, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.